

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

September 29, 1949

Hon. B. B. Sapp, Director
and Executive Secretary
Teacher Retirement
System of Texas
Austin, Texas

Opinion No. V-917.

Re: Whether person may re-
ceive service retire-
ment benefits under
Teacher Retirement Act
and serve at the same
time as member of the
elective State Board

Dear Mrs. Sapp:

of Education.

    We refer to your inquiry as to whether a re-
tired teacher, receiving retirement benefits under the
provisions of the Teacher Retirement Act (Article 2922-
1, V.C.S., as amended) may legally serve as a member of
the elective State Board of Education without affecting
his retirement status.

    House Bill No. 964, 51st Legislature, provides
for an elective State Board of Education. With respect
to the qualifications of elective members, Section 9
thereof prescribes, in part, that:

> "No person who holds an office under
> the State of Texas or any political subdi-
> vision thereof, or who holds employment
> or receives any compensation for services
> from the State or any political subdivi-
> sion thereof, <u>except retirement benefits
> paid by the State of Texas</u> or the Federal
> Government, or any person engaged in or-
> ganized public educational activity, shall
> be eligible to serve on said Board or be
> elected thereto. . . ." (Emphasis added)

    Prior Attorney General Opinion No. O-3916 holds
that a teacher retired in accordance with the Teacher
Retirement laws of Texas does not hold an office. He
has no duties to perform. Indeed, a retired teacher
drawing retirement benefits is neither an officer nor
an employee of the State or any of its political subdi-
visions.

Section 9 of House Bill 964 specifically excepts from its prohibitions those persons who receive "retirement benefits paid by the State of Texas." Prior Attorney General Opinion No. O-4804 held that a retired teacher, as such, does not hold a position of honor, trust, or profit. It follows that Sections 33 and 40 of Article XVI, Constitution of Texas, have no application to this problem.

It is our opinion, therefore, that a person may contemporaneously receive service retirement benefits under the Teacher Retirement Act and serve as a member of the elective State Board of Education.

We are not unmindful of that provision in Subsection 1 of Section 5 of Article 2922-1, Vernon's Civil Statutes, which reads:

> ". . . Any member who has accepted service retirement shall be ineligible and disqualified to resume and/or continue employment in the public schools of Texas, and also shall be ineligible, and disqualified to be otherwise employed in the public schools of this State; . . ."

We think this provision is applicable only in the matter of "employment" of teachers retired from service, and has no application to the qualifications of persons who may be elected to serve on the State Board of Education, such qualifications being specifically covered in House Bill No. 964.

## SUMMARY

A person may contemporaneously receive service retirement benefits under the Teacher Retirement Act and serve as a member of the elective State Board of Education. H.B. No. 964, 51st Leg., Acts 1947; Art. 2922-1, V.C.S.; as amended; A.G. Opinions Nos. O-3916, O-4804.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL

CEO:mw